UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY<br><br>Plaintiff,<br><br>v.<br><br>INSTITUTIONAL HEAD GROUND, et al.,<br><br>Defendants. | 1:13-CV-0483-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 5)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

On April 1, 2013, Latwahn McElroy ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.  (Compl., ECF No. 5.)  No other parties have appeared in this action.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. **PLAINTIFF'S CLAIMS**

Plaintiff is currently housed at Salinas Valley State Prison ("SVSP") in Soledad, California. He was previously housed at Kern Valley State Prison ("KVSP") in Delano, California.  Plaintiff names the following individuals as defendants: 1) Official Grounds, institutional head at SVSP, 2) A. Hedgepath, warden at KVSP, 3) D. Asuncion, Facility B Captain at SVSP, 4) RN Mecevido, registered nurse at KVSP, 5) J. Harden, housing sergeant at KVSP, 6) Staily, correctional officer at KVSP, 7) W. Bonner, warden at High Desert State Prison, 8) M. Cate, director of the California Department of Corrections and Rehabilitation, and 9) California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff claims these defendants violated his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution and were involved in a conspiracy to deprive Plaintiff of items needed as a practicing Muslim, thereby violating his rights under the Religious Freedom Restoration Act of 1993.

Plaintiff's allegations are as follows:

Defendants Cate, Hedgepath, Staily, Harden, and Mecevido discriminated against Plaintiff and other Muslim inmates. (Compl. at 4.)  Defendants CDCR, Staily, and Harden failed to ensure Plaintiff received meals that complied with Islamic dietary requirements.  (Id.)  Defendant CDCR's efforts to deny Plaintiff his cultural medicine, religious clothing, and other items have prevented Plaintiff from fully complying with his religious requirements. (Id.)

On September 25, 2007, during the Islamic festival of Ramadan, Defendant Staily provided

Plaintiff with a dinner tray but failed to specify if this tray was Plaintiff's Ramadan compliant tray or if Plaintiff would be allowed to keep the tray past sundown to comply with Ramadan requirements. (Compl. at 7.) Plaintiff had a sign outside of his cell indicating he was observing Ramadan. (Id.) Plaintiff did not hear Defendant Staily ask for the tray to be returned because Defendant Staily had failed to specify if Plaintiff could keep the tray past sundown. (Id.) By doing this, Defendants intended to provoke a religious disturbance, discriminate against Plaintiff, and increase religious tensions. (Id. at 7-8.) Defendants forcefully made Plaintiff return the tray. (Id. at 8.) Defendant Harden told Plaintiff he no would longer receive the benefits of being a registered Muslim inmate, and he would not be provided with food. (Id.) Many of Plaintiff's possessions were removed from his cell. (Id. at 8-10.) Plaintiff was placed in a cage in a painful position. (Id. at 9.)

Plaintiff asks for injunctive relief, monetary relief, the ability to address his needs through clergy members, the right to engage in community service, a requirement that the CDCR be required to create improved procedures to deal with Muslim inmates, and immediate protection for his possessions. (Compl. at 15.)

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Federal Rule of Civil Procedure 18

Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's Complaint focuses on an incident at KVSP, but Plaintiff also names defendants at SVSP and High Desert State Prison. Defendants Grounds, Asuncion, and Bonner were located at prisons other than KVSP and have not been linked to Plaintiff's claims. Moreover, Plaintiff does not explain what violations occurred at SVSP or High Desert or how they relate to the primary underlying incident at KVSP.

Plaintiff will be given leave to amend to address deficiencies in this pleading. If he chooses to amend but is unable to properly link the defendants at SVSP and High Desert State Prison to the incident at KVSP, he should pursue the claims against unrelated defendants in separate actions. Plaintiff must file a separate complaint for each unrelated claim. If he does not, all unrelated claims will be subject to dismissal.

### C. State Agencies

The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDCR is a state agency, it is entitled to Eleventh

Amendment immunity from suit and Plaintiff cannot recover from it.  In the event Plaintiff files an amended complaint, this defendant should not be included.  This defendant should be dismissed from this action.

### D. Linkage Requirement

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id. at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 676-677.

Plaintiff has not alleged facts demonstrating that Defendants Grounds, Hedgepath, Asuncion, Bonner, or Cate were aware of or directly involved in the incident at issue in Plaintiff's Complaint.  He does not allege these defendants were aware of specific difficulties Plaintiff encountered in attempting to practice his Muslim faith at KVSP.  Plaintiff makes no specific factual allegations against these defendants in his Complaint.  Plaintiff will be given the opportunity to file an amended complaint curing the deficiencies in this respect if and to the extent he can show that they were personally involved in the allegedly wrongful conduct.

### E. First Amendment Claim

Plaintiff alleges that defendants violated his First Amendment rights by failing to provide him with a reasonable opportunity to observe Ramadan and a hospitable environment as a practicing Muslim.  Plaintiff fails to properly link any named defendants to this claim.

Under the Constitution, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments."  Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972).  However, as with other First Amendment rights in the inmate context, prisoners' rights may be limited or retracted if required to "maintain [ ]

institutional security and preserv[e] internal order and discipline." Bell v. Wolfish, 441 U.S. 520, 549 (1979). Restrictions on access to "religious opportunities"-whether group services, chapel visits, or meetings with religious advisers-must be found reasonable in light of four factors: (1) whether there is a "valid, rational connection" between the regulation and a legitimate government interest put forward to justify it; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation). Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Beard v. Banks, 548 U.S. 521 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc).

Certainly, prisons are allowed to place a variety of restrictions on activities, including even religious worship, for security purposes and other legitimate penological reasons. See Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). However, denial of all access to religious worship opportunities can violate the First Amendment. Id.

Despite, and perhaps even because of, the length of Plaintiff's allegations, they do not provide sufficient facts to state a cognizable claim under the First Amendment. Plaintiff does not allege that he actually lost access to a religious opportunity or that any individual defendant did something that gave rise to his claim. His allegations do little more than to allege simple miscommunication over when his food tray needed to be returned and suggest a general antipathy to Muslims. He does allude to unspecified anti-Muslim regulations, but identifies no regulation or event that prevented him from accessing religious opportunities. Plaintiff does not meet any of the Turner requirements. He does not address such issues as: whether there was a connection between a challenged regulation and a legitimate government interest; whether there were alternative means available to allow him to engage in his necessary religious activity notwithstanding the regulations; whether the accommodation he seeks would have an impact on guards or other inmates; and whether alternative means of practicing his religious obligations were available to him.

Plaintiff will be given leave to amend this claim, but before doing so, he should consider

6

whether he can actually allege sufficient facts to meet the Turner standard. He may be better off focusing his energies on other claims.

### F. Eighth Amendment Claim

On balance, notwithstanding Plaintiff's belief that he was treated inappropriately because of his religion, his Complaint seems more focused on an Eighth Amendment excessive force claim.

Plaintiff alleges that he was subject to excessive force under the Eighth Amendment when Defendants Harden, Staily, and Mecevido forced Plaintiff to return his food tray.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the

response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens, 559 U.S. at 37. "Neither accident nor negligence constitutes cruel and unusual punishment, as '[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.'" Williams v. Ramirez, 2009 WL 1327515, *3 (E.D.Cal. May 12, 2009) (quoting Whitley, 475 U.S. at 319).

Plaintiff fails to state an Eighth Amendment claim for excessive force. He alleges Defendant Staily used excessive force when Plaintiff was made to return his food tray during Ramadan. He also alleges that Defendant Harden injured him by forcing him against a wall and that Defendant Mecevido verbally insulted him.

None of Plaintiff's claims against these defendants rise to the level of an Eighth Amendment excessive force claim. Plaintiff's allegations are confusing and the Court cannot determine exactly what each defendant did to Plaintiff. Plaintiff will be given leave to amend this claim. In his amended complaint, Plaintiff should focus on informing the Court as briefly, directly, and clearly as possible who he contends used excessive force against him. He should also explain how they did so, the reasons they gave for acting as they did, describe generally what gave rise to the event, and what was said by the participants during the event.

**G. Fourteenth Amendment Claim**

Plaintiff seems to allege that unspecified defendants violated his rights under the Fourteenth Amendment, but does not link any defendant to such a claim or explain if he seeks to bring an equal protection or a due process claim. Plaintiff has failed to state a Fourteenth Amendment claim at this stage of the proceedings. He will be given leave to amend this claim. The Court will provide below a summary of the pleading standards for such claims. Plaintiff should review the standards and clearly state if he wishes to allege an equal protection and/or due process claim. He should also link specific defendants to this claim.

    1. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473

U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

2. Property Interest

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

For an unauthorized deprivation of property, Plaintiff would have to allege that he lacks a meaningful state tort remedy for any unauthorized property deprivation (i.e., a deprivation not

authorized by properly adopted regulations, procedures and policies). Plaintiff should note that for unauthorized deprivations of property, he does have an adequate post-deprivation remedy under California law and therefore, any attempt to pursue a claim under federal law for unauthorized taking of his property fails as a matter of law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810– 895).

## H. Religious Freedom and Restoration Act

Plaintiff also alleges that his rights were violated under the Religious Freedom Restoration Act of 1993 ("RFRA"), but RFRA was ruled unconstitutional in 1997 as applied to states. City of Boerne v. Flores, 521 U.S. 507, 536 (1997); Navajo Nation v. United States. Forest Service, 535 F.3d 1058, 1067 n. 10 (9th Cir. 2008). The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") has since replaced RFRA, and the Court will analyze Plaintiff's claim under that standard. See San Jose Christian College v. Morgan Hill, 360 F.3d 1024, 1033–34 (9th Cir.2004) ("RLUIPA 'replaces the void provisions of RFRA' . . . and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest."). RLUIPA provides the following:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

See Pub.L.No. 106-274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc-1). Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). A "substantial burden" is one that is "oppressive to a significantly great extent." Id. at 995 (internal quotations omitted). It "must impose a significantly great restriction or onus upon [religious] exercise." Id. (quotations omitted). A substantial burden includes situations "'where the state ... denies [an important benefit] because of conduct mandated by religious belief,

thereby putting substantial pressure on an adherent to modify his behavior and to violate his belief." Id.

If a plaintiff meets this burden, the defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff fails to point to any prison restrictions which placed a substantial burden on the exercise of his religious beliefs.  He raises only a one-time incident that possibly interfered with his observing Ramadan requirements, but he does not say how it did so or link any defendant to the claim.  Plaintiff has failed to state a RLUIPA claim.  He will be given leave to amend.

**I.     Conspiracy**

Plaintiff also appears to seek relief based upon allegations that defendants conspired to prevent him from exercising his First Amendment right to practice his religion.

Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation.  Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980).  Although conspiracy claims are actionable under Section 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Landrigan 628 F.2d at 742.  A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss.  Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

Plaintiff has not pled sufficient facts to support a cognizable claim for a conspiracy to violate Plaintiff's constitutional rights.  Plaintiff's bare allegation that defendants conspired to prevent him from practicing his religion is devoid of any suggestion of facts which might conceivably support it.  Plaintiff will be given leave to amend this claim.

**IV.     CONCLUSION AND ORDER**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.

The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff=s constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed April 1, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   June 30, 2013                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE