1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATWAHN McELROY

          Plaintiff,

      v.

INSTITUTIONAL HEAD GROUND, et al.,

          Defendants.

1:13-CV-0483-MJS

ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

(ECF No. 17)

On April 1, 2013, Latwahn McElroy ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 12.)

The Court screened Plaintiff's Complaint and dismissed it, with leave to amend, for failure to state a claim. (ECF No. 14.) Plaintiff filed a First Amended Complaint. (Am. Compl., ECF No. 17.) Plaintiff's First Amended Complaint is now before the Court for screening.

I.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted,

1

1  or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

2  1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

3  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

4  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

5  1915(e)(2)(B)(ii).

6         A complaint must contain "a short and plain statement of the claim showing that the

7  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

10  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

11  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S.

12  at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere

13  possibility that a defendant committed misconduct and, while factual allegations are accepted

14  as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

15  **II.    PLAINTIFF'S CLAIMS**

16         Plaintiff is currently housed at Salinas Valley State Prison ("SVSP") in Soledad,

17  California.  He was previously housed at Kern Valley State Prison ("KVSP") in Delano,

18  California and High Desert State Prison ("HDSP") in Susanville, California.  Plaintiff names the

19  following individuals as defendants: 1) Official Grounds, institutional head at SVSP, 2) A.

20  Days, Bravo facility correctional sergeant at SVSP, 3) C. Sollis, Bravo facility captain at

21  SVSP, 4) D. Asuncion, B facility captain at SVSP; 5) Officer Monroy, C facility sergeant at

22  SVSP; 6) Ramirez, corrections officer at SVSP; 7) M. Barnes, warden at HDSP; 8) C.

23  Gilmore, Delta facility sergeant at HDSP; 9) Miraz, corrections officer at HDSP; 10) Smith,

24  corrections officer at HDSP; 11) Hedgepath, warden at KVSP; 12) J. Harden, housing

25  sergeant at KVSP; 13) F. Staily, corrections officer at KVSP; 14) RN Mercevido registered

26  nurse at KVSP; 15) J. Beard, director at California Department of Corrections and

27  Rehabilitation; and 16) California Department of Corrections and Rehabilitation ("CDCR").

28  Plaintiff alleges violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and

1   Fourteenth Amendments.  He also alleges violations of Cal. Code of Regulations. §§ 3054,

2   3054.3, and 3193(b).  He alleges a violation of Cal. Civil Code § 2080.10.  He also raises a

3   conspiracy claim.

4       Plaintiff makes a number of broad and vague allegations of prison policies and actions

5   that prevent him from practicing his religion.  He also references a few, mostly undated,

6   incidents to illustrate these allegations.  More specifically, Plaintiff's allegations are as follows:

7       Defendants Beard, Hedgepath, Staily, Harden, Mercevido discriminated against

8   Plaintiff by insulting Plaintiff and his Islamic religious beliefs.  (Am. Compl. at 5.)  Defendants

9   Staily and Harden failed to provide Plaintiff with the means to meet his Islamic religious

10  requirements.  (Id.)  Defendants Beard, CDCR, and Hedgepath were responsible for prison

11  religious policies but failed to enact any to enable Plaintiff to receive religious meals when he

12  was transferred to different institutions.  (Id. at 6.)  Defendants Beard, Grounds, Solis, Days,

13  and Monroy have failed to allow Plaintiff to practice his religion adequately.  (Id. at 14-15.)

14      On September 25, 2007, Defendant Staily provided Plaintiff with a meal tray, but did

15  not tell him if the meal was Ramadan-compliant.  (Am. Compl. at 8.)  Defendant Staily asked

16  for the trays to be returned but Plaintiff did not hear him because Plaintiff was praying.  (Id.)

17      Defendant Harden came to Plaintiff's cell with additional officers and placed handcuffs

18  on Plaintiff, injuring him.  (Am. Compl. at 9, 10.)  Defendant Harden subjected Plaintiff to

19  emotional distress and threatened to remove him from the religious "participation list".  (Id.)

20  Items were removed from Plaintiff's cell.  (Id. at 9-10.)  The above was done as part of a

21  conspiracy to discriminate against Plaintiff due to his religious beliefs.  (Id. at 8.)

22      On August 24, 2008, Plaintiff was transferred.  (Am. Compl. at 7.)  Due to the transfer

23  he lost his original classification and some of his property, including religious items.  (Id. at 7.)

24  Defendant CDCR was responsible for this loss.  (Id.)

25      Plaintiff was again transferred in 2011, and Defendants Beard, Barnes, and Grounds

26  failed to ensure that Plaintiff's property was properly transported.  (Am. Compl. at 12.)

27      Defendants Grounds, Solis, and Asuncion prevented Plaintiff from accessing the

28  courts.  (Am. Compl. at 12.)

From November 15, 2011 to November 20, 2012, HDSP and SVSP failed to provide Plaintiff with religious meals and required Plaintiff to reapply for his religious meal classification. (Am. Compl. at 15.)  Defendants CDCR, Beard, Grounds, Solis, Monroy, Days, and Ramirez were responsible for this injury.  (Id. at 16.)

Defendant Days searched Plaintiff's cell without any reason on March 20, 2013. (Am. Compl. at 13.)  Defendants Days failed to implement procedures to protect Plaintiff's legal property.  (Id.)  Defendant Ramirez mishandled Plaintiff's property during the search.  (Id.) Defendants Days, Solis, Ramirez, Grounds, Beard, and CDCR have failed to return some of the items that were removed during the search.  (Id.)

Defendant CDCR has not properly used funds intended for inmates' religious needs. (Am. Compl. at 10.)

Defendants Barnes and Gilmore ordered searches of inmates' cells at HDSP.  (Am. Compl. at 11, 12.)  Defendants Miraz and Smith searched Plaintiff's cell.  (Id. at 12.)

Plaintiff asks for return of his property, for the ability to review the proposed use of monies allotted for prisoners' religious needs, for additional religious freedom through the use of private clergy and other faith leaders, that he be allowed to fulfill his various Islamic requirements, that the CDCR update their procedures dealing with Islamic religious requirements, that defendants' monetary compensation be changed, for protection for his use of religious articles, and a jury trial.

**III.    ANALYSIS**

**A.    42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

1 | alleged violation was committed by a person acting under the color of state law.  See West v.

2 | Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.

3 | 1987).

4 | **B.** **Federal Rule of Civil Procedure 18**

5 | Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original

6 | claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as

7 | alternate claims, as many claims, legal, equitable, or maritime, as the party has against an

8 | opposing party."  "Thus multiple claims against a single party are fine, but Claim A against

9 | Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

10 | claims against different defendants belong in different suits, not only to prevent the sort of

11 | morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

12 | pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

13 | frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

14 | 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

15 | Plaintiff's First Amended Complaint, as did his original Complaint, includes a laundry

16 | list of unrelated allegations against wholly unrelated defendants at three different prison

17 | facilities.

18 | The Court previously informed Plaintiff about Rule 18's requirements.  Plaintiff has

19 | ignored the Court's instructions and directives. The same violations are repeated and more

20 | unrelated claims have been added.

21 | The Court will only analyze those of Plaintiff's claims that arose at KVSP and HDSP

22 | since those facilities are within the jurisdiction of this Court.  All other claims, i.e., all of

23 | Plaintiff's claims against defendants at SVSP will be dismissed.  These include his due

24 | process and First Amendment claims against Defendant Grounds; his due process, First

25 | Amendment, and Fourth Amendment claims against Defendant Days, his First Amendment

26 | claim against Defendant Solis; his First Amendment claim against Defendant Asuncion; his

27 | First Amendment claim against Defendant Monroy; and his First Amendment and due process

28 | claims against Defendant Ramirez.  Defendants Grounds, Days, Solis, Asuncion, Monroy,

1   and Ramirez are to be dismissed from this action.

2       **C.    State Agencies**

3       The Eleventh Amendment prohibits suits against state agencies.  See Natural Res.

4   Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v.

5   Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880

6   F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state

7   agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community

8   College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

9       As the Court previously informed Plaintiff, because CDCR is a state agency, it is

10   entitled to Eleventh Amendment immunity from suit and Plaintiff cannot recover from it.

11   Defendant CDCR should now be dismissed from this action.

12       **D.    Linkage and Federal Rule of Civil Requirement**

13       Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named defendant

14   personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934

15   (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability,"

16   loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 556 U.S.

17   at 677.  "Government officials may not be held liable for the unconstitutional conduct of their

18   subordinates under a theory of respondeat superior."  Id. at 676.  Rather, each government

19   official, regardless of his or her title, is only liable for his or her own misconduct, and therefore,

20   Plaintiff must demonstrate that each defendant, through his or her own individual actions,

21   violated Plaintiff's constitutional rights.  Id. at 676-677.

22       Plaintiff has not alleged facts demonstrating that Defendants Gilmore, Barnes,

23   Mercevido, Hedgepath, or Beard was aware of or directly involved in the incidents at issue in

24   Plaintiff's First Amended Complaint.  He does not allege these defendants were aware of

25   specific difficulties Plaintiff encountered in attempting to practice his Muslim faith, via cell

26   searches, or in attempting to access to the courts.  Plaintiff will not be given the opportunity to

27   file an amended complaint curing the deficiencies in this respect.  Defendants Gilmore,

28   Barnes, Mercevido, Hedgepath, and Barnes should be dismissed from this action.

1     **E.**     **First Amendment Claim**

2         Plaintiff alleges that defendants violated his First Amendment rights by failing to

3 provide him a reasonable opportunity to observe Ramadan and a hospitable environment to

4 practice Islam. He once again fails to properly link any named defendants to this claim.

5         Under the Constitution, "reasonable opportunities must be afforded to all prisoners to

6 exercise the religious freedom guaranteed by the First and Fourteenth Amendments." Cruz v.

7 Beto, 405 U.S. 319, 322 n. 2 (1972).  However, as with other First Amendment rights in the

8 inmate context, prisoners' rights may be limited or retracted if required to "maintain [ ]

9 institutional security and preserv[e] internal order and discipline." Bell v. Wolfish, 441 U.S.

10 520, 549 (1979).  Restrictions on access to "religious opportunities"-whether group services,

11 chapel visits, or meetings with religious advisers-must be found reasonable in light of four

12 factors: (1) whether there is a "valid, rational connection" between the regulation and a

13 legitimate government interest put forward to justify it; (2) "whether there are alternative

14 means of exercising the right that remain open to prison inmates"; (3) whether

15 accommodation of the asserted constitutional right would have a significant impact on guards

16 and other inmates; and (4) whether ready alternatives are absent (bearing on the

17 reasonableness of the regulation).  Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also

18 Beard v. Banks, 548 U.S. 521 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir.

19 1999) (en banc).

20         Certainly, prisons are allowed to place a variety of restrictions on activities, including

21 even religious worship, for security purposes and other legitimate penological reasons.  See

22 Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008).  However, denial of all

23 access to religious worship opportunities can violate the First Amendment.  Id.

24         Despite, and perhaps even because of, the length of Plaintiff's allegations, they do not

25 provide sufficient facts to enable the court to identify a cognizable First Amendment claim.

26 Plaintiff does not allege he actually lost access to a religious opportunity at all and certainly

27 not that any individual defendant did something to cause him to lose that opportunity.  At

28 most, his allegations allege simple miscommunication over when his food tray needed to be

1   returned and suggest a general antipathy to Muslims.

2       Plaintiff does allude to unspecified anti-Muslim regulations, but identifies none that
3   prevented him from accessing religious opportunities.   Plaintiff does not meet any of the
4   Turner requirements.  He does not address such issues as:  whether there was a connection
5   between a challenged regulation and a legitimate government interest; whether there were
6   alternative means available to allow him to engage in his necessary religious activity
7   notwithstanding the regulations; whether the accommodation he seeks would have an impact
8   on guards or other inmates; and whether alternative means of practicing his religious
9   obligations were available to him.

10      Plaintiff, having been advised of the deficiencies in his pleading and the requirements
11  for correcting those deficiencies, has failed to correct them or even take meaningful steps to
12  suggest he tried to correct them.  No useful purpose would be served in repeating that advice
13  and instruction and giving him yet another chance to do that which he failed to do previously.
14  Plaintiff will not be given leave to amend this claim.

15      **F.    Fourth Amendment Claim**

16      Plaintiff alleges that Defendants Miraz and Smith violated his Fourth Amendment rights
17  by searching his cell and seizing his property.

18      Under the Fourth Amendment, a seizure of property "occurs when there is some
19  meaningful interference with an individual's possessory interest in that property."   United
20  States v. Jacobsen, 466 U.S. at 113.  The United States Supreme Court has held that "the
21  Fourth Amendment has no applicability to a prison cell."  Hudson v. Palmer, 468 U.S. 517,
22  536 (1984).  Further, the Court noted, "[p]rison officials must be free to seize from cells any
23  articles which, in their view, disserve legitimate institutional interests."  Id. at 528 n.8.

24      Because there is no Fourth Amendment applicability to a prison cell, any claim raised
25  by Plaintiff in this regard fails.  Plaintiff has failed to state a Fourth Amendment claim against
26  Defendants Miraz and Smith.  No useful purpose would be served by granting further leave to
27  amend.

28

### G.    Eighth Amendment Claim

Plaintiff failed to heed the Court's invitation to focus on his Eighth Amendment excessive force claim.

Plaintiff alleges that he was subject to excessive force under the Eighth Amendment when Defendants Harden and Staily forced Plaintiff to return his food tray.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).  To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  See Whitley, 475 U.S. at 321.  The absence of significant injury alone is not dispositive of a claim of excessive force.  See Wilkens, 559 U.S. at 37.  "Neither accident nor negligence constitutes cruel and unusual punishment, as '[i]t is obduracy and wantonness, not

1  inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and

2  Unusual Punishments Clause.'" <u>Williams v. Ramirez</u>, 2009 WL 1327515, *3 (E.D.Cal. May

3  12, 2009) (quoting <u>Whitley</u>, 475 U.S. at 319).

4  Plaintiff fails to state an Eighth Amendment claim for excessive force against

5  Defendant Staily.  He alleges only that Defendant Staily alerted others to the fact that Plaintiff

6  had failed to return his food tray.  That is not an actionable violation of Plaintiff's Eight

7  Amendment rights.  There is no allegation that Defendant Staily used any force against

8  Plaintiff or caused others to do so.  Plaintiff has failed to state an Eighth Amendment claim

9  against Defendant Staily.

10  Plaintiff also fails to state an Eighth Amendment claim for excessive force against

11  Defendant Harden.  Viewed in the light most favorable to Plaintiff, the allegations do not

12  reflect that any force used was malicious and sadistic.  To the contrary, it appears the conflict

13  arose out of a misunderstanding between Plaintiff and Defendant Harden and Plaintiff's failure

14  to comply with Defendant Staily's orders.

15  Plaintiff has failed to state an excessive force claim against Defendants Staily or

16  Harden.  For the same reasons given for the denial of leave to amend his First Amendment

17  claims, Plaintiff will not be given further leave to amend this claim.

18  **H.   <u>Conspiracy</u>**

19  Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a

20  constitutional or statutory violation.  <u>Landrigan v. City of Warwick</u>, 628 F.2d 736, 742 (1st Cir.

21  1980).  Although conspiracy claims are actionable under Section 1983, "it is necessary that

22  there have been, besides the agreement, an actual deprivation of a right secured by the

23  Constitution and laws."  <u>Landrigan</u> 628 F.2d at 742.  A pro se complaint containing only

24  conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional

25  rights will not withstand a motion to dismiss.  <u>Zemsky v. City of New York</u>, 821 F.2d 148, 152

26  (2nd Cir. 1987).

27  Plaintiff has not pled sufficient facts to support a cognizable claim for a conspiracy to

28  violate Plaintiff's constitutional rights.  Plaintiff's bare allegation that defendants conspired to

prevent him from practicing his religion is devoid of any suggestion of facts which might conceivably support it.  Plaintiff will not be given leave to amend this claim.

### I.   California State Law

Plaintiff alleges violations of Cal. Code of Regulations. §§ 3054, 3054.3, and 3193(b).

The existence of a regulation governing the conduct of prison employees does not necessarily create a right for Plaintiff to sue civilly to enforce the regulations or for damages for their violation.  Plaintiff has cited to no authority suggesting the existence of an implied private right of action under Title 15, and the Court finds no such authority or right.  See Chappell v. Perez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. Feb. 28, 2011).  Plaintiff has failed to state a claim under the California Code of Regulations and will not be given leave to amend.

Plainitff also alleges a violation of Cal. Civil Code § 2080.10.  This regulation deals with public agencies receiving property from a person for temporary safekeeping.  There is no reason to believe it might apply to property of incarcerated individuals or that it creates a private right of action.  Plaintiff fails to state a claim under the California law.

### IV.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983.  Plaintiff was previously notified of the deficiencies in his claims and given leave to amend several times.  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY ORDERS the following:

1.   Plaintiff's claims against individuals at Salinas Valley State Prison be DISMISSED without prejudice;

2.   Plaintiff's claims against individuals at High Desert State Prison and Kern Valley State Prison be DISMISSED with prejudice for failure to state any claim under 42 U.S.C. § 1983; and

3.   The Clerk of the Court shall CLOSE this action.

11

IT IS SO ORDERED.

Dated:   October 31, 2013          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE